# UNITED STATES DISTRICT COURT
for the

_____ WESTERN _____ DISTRICT OF _____ OKLAHOMA _____

| | |
|---|---|
| United States of America<br>v.<br><br>Christopher Torres, | )<br>)<br>) Case No: M-13- **538** -P<br>)<br>)<br>) |

FILED
DEC 4 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about December 3, 2013, in Guymon, Oklahoma, in the Western District of Oklahoma, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, defendant knowingly and intentionally possessed a firearm, that is a Hi-Point model JHP45 .45 caliber pistol bearing serial number X422095, which was in an affecting interstate commerce in that the firearm had previously crossed state lines to reach the state of Oklahoma; |
| 18 U.S.C. § 924(c)(1)(A) | possessed a firearm in furtherance of a drug trafficking crime, that is, possession of methamphetamine, a Schedule II controlled substance, with intent to distribute. |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Pablo Pinzon, Bureau of Alcohol, Tobacco, Firearms, and Explosives, which is incorporated and made a part hereof by reference.

✔ Continued on the attached sheet.

_____
*Complainant's signature*
SAMUEL E. WARD
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me and signed in my presence.

Date: December 4, 2013

_____
*Judge's signature*

City and State:  Oklahoma City, Oklahoma            GARY M. PURCELL, U.S. Magistrate Judge
                                                    *Printed name and title*

STATE OF OKLAHOMA      )
                       ) ss
COUNTY OF OKLAHOMA     )

## AFFIDAVIT

I, Samuel E. Ward, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the ATF Oklahoma City Field Office being duly sworn, declare and state:

I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

I have been a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since October, 2010. I am a graduate of the Department of Homeland Security's Criminal Investigator Training program as well as the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Basic Training Program. Prior to my tenure with ATF, I served the Virginia Department of State Police (VSP) for eight years as a Trooper, a Special Agent with the (VSP) Criminal Intelligence Division, and a Safe Streets Task Force Officer with the Federal Bureau of Investigation (FBI). As a Special Agent with ATF, I am vested with the authority to investigate violations of Federal laws including Title 18, Title 21 and Title 26 of the United States Code.

Your Affiant is familiar with the information contained in this affidavit through personal investigation and information received from other law enforcement officers, mentioned herein, who have participated in and have contributed documentary reports of their investigation efforts in this matter. This affidavit contains information necessary to support the complaint and is not intended to include every fact or matter observed or known by the affiant.

This Affidavit is presented for the purpose of seeking a Federal Arrest Warrant for, **Christopher TORRES.** This warrant is being sought for violation of Title 18, United States Code, Sections 922(g)(1). As well as for violation of Title 18, United States Code, Section 924(c)(1)(A).

…

Further, your Affiant states as follows:

1. On December 1, 2013, Guymon Police Officer Duran was conducting surveillance of 803 Northeast 2nd Street, Guymon, Oklahoma, which was a known location for the sale and distribution of illegal drugs. Officer Duran made contact with an individual later identified as M.O., whom Officer Duran observed leaving the suspect residence. When Officer Duran made contact, Officer Duran asked M.O. if he had anything illegal on him. M.O. replied that he did have "pills". Officer Duran asked for consent to remove the pills, which M.O. granted. Officer Duran removed approximately six (6) prescription pills.

2. M.O. was placed in investigative custody and M.O.'s mother was called due to M.O. being a minor. M.O.'s mother arrived and told Officer Duran that the phone on his person actually belonged to her (M.O.'s mother). M.O.'s mother gave consent to search the phone and Office Duran observed numerous text and other messages indicating to Officer Duran that M.O. had been conducting illegal drug transactions on behalf of other individuals residing at 803 Northeast 2nd Street. With the information learned during the arrest and investigation of M.O., Guymon Police Detective Francis obtained a state search warrant for 803 Northeast 2nd Street.

3. On December 3, 2013, law enforcement officers from the Guymon Police Department, Texas County District Attorney's Office, and agents with ATF executed an Oklahoma state search warrant at 803 Northeast 2nd Street, Guymon, Oklahoma. During the execution of the search warrant, numerous items consistent with the sale and distribution of methamphetamine were seized by law enforcement.

4. Law enforcement officers encountered three individuals during the execution of the search warrant, and believed that there was possibly a fourth individual living at the residence who was unaccounted for. During the search of the residence, Guymon Police Lieutenant Arndt was positioned outside the front of the

residence and observed an individual walking toward the residence. When this individual observed that police were present, this individual turned immediately and suspiciously began to walk away.

5. Lt. Arndt went to make contact with this individual, and when Lt. Arndt got closer Lt. Arndt recognized the individual to be **Christopher TORRES**. Lt. Arndt was familiar with **TORRES** and knew that **TORRES** had multiple outstanding felony warrants for his arrest. When Lt. Arndt made contact with **TORRES** and placed him under arrest for the outstanding warrants. During a search incident to arrest, Lt. Arndt found a Hi-Point pistol Model JHP45, .45 caliber pistol bearing serial number X422095, located in **TORRES'** waistband. In addition, Lt. Arndt located approximately ten grams (10g) of a white crystalline substance believed to be methamphetamine, numerous baggies consistent with the sale and distribution of methamphetamine as well as a small notebook with handwritten notes consistent with ledgers depicting the sale and distribution of methamphetamine.

6. Officers field tested the white crystalline substance believed to be methamphetamine and received a presumptive positive test for methamphetamine.

7. Your affiant knows through training and experience that individuals associated with the illegal drug trade will commonly possess one or several firearms for protection. These individuals who are in possession of firearms in the drug trade will possess firearms to protect themselves from individuals they are selling illegal drugs to, rival drug dealers, and from law enforcement who are trying to stop them from selling illegal drugs.

8. On December 3, 2013, ATF TFO Pinzon conducted a criminal history inquiry and found the following felony convictions for TORRES:

**Texas County Oklahoma**
| | |
|---|---|
| CF-2007-11 | Larceny of an automobile |
| CF-2010-156 | Burglary in the second degree |
| | Concealing stolen property |

3

Your Affiant knows based upon his training and experience, and advice from SA Michael Randall, a NEXUS expert, as well as information provided during conversations with other ATF agents with special training in the recognition of firearms and their place of manufacture, that *Hi-Point* handguns are manufactured outside the state of Oklahoma and therefore would have had to travel in interstate commerce to reach the State of Oklahoma.

Based upon the above aforementioned facts and circumstances, your Affiant believes that probable cause exists that in the Western Judicial District of Oklahoma that, **Christopher TORRES,** a convicted felon, was knowingly in possession of a Hi-Point firearm that had previously traveled in interstate commerce in violation of United States Code, Title 18, Section 922(g)(1). As well as in possession of methamphetamin methamphetamine, a Controlled Dangerous Substance in violation of United States Code, Title 21, Section 841(a).

**FURTHER YOUR AFFIANT SAITH NOT.**

SAMUEL E. WARD
SPECIAL AGENT
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and Sworn to before me this 4th day of December 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

4